EASTERN DIS.
*April*, 1833.

LICQUET'S
HEIRS
*vs.*
PEIRCE,

LICQUET'S HEIRS *vs.* PEIRCE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The supplemental petition of the heirs or representatives of a deceased plaintiff, forms a revival of the action rather than an amendment to the pleadings, and before the defendant can be ruled to trial, he must be notified by service of the new petition and citation.

This was an action by the payee of a promissory note against the drawer, who admitted his signature and pleaded payment. The plaintiff afterwards died, and by a supplemental petition, Louise Duvernay, widow Bonaventure Martin, and her son Bonaventure Martin, prayed to be substituted in his place, as his legal representatives.

When the cause was called for trial, the defendant objected to proceed, until he should be served with a copy of the supplemental petition, and should file his answer thereto. The objection was overruled, because no new matter was added in the supplemental petition, and if the proper parties had not been made, advantage should have been taken by exception. The judgment was rendered for the plaintiffs, and the defendant appealed.

*I. W. Smith* and *D. N. Hennen*, for appellant.

1. There was error in the decision of the court below, overruling the defendant's objection, when the cause was called for trial, to proceed further until an answer should be filed to the supplemental petition, which alleged certain persons therein named, to be the plaintiff's legal representatives. 2 *La. Rep.* 391, *Allain* vs. *Preston. Idem.* 130, *Caldwell* vs. *Fales.*

2. The cause was tried without issue joined, because the supplemental petition alleged new matter, which was not merely formal, but material and important to the defendant; and without legal proof of its truth he might be required to

EASTERN DIS.
*April,* 1833.

LICQUET'S
HEIRS.
*vs.*
PEIRCE.

pay the same debt several times; and the unsupported aver-ment of third persons, would be taken as conclusive evidence between the parties. *Code of Practice,* 421. *Also authorities above cited.*

3. There is error in the judgment, giving interest on an unliquidated account, from the day of judicial demand. *Code of Practice,* 554. 2 *La. Rep.* 577. *Trimball* vs. *Moore.*

*Carter,* for appellees.

1. The cause was properly tried, as the amendment permitted by the court was one of form, and required no answer. The substitution of heirs of deceased plaintiffs is authorised by article 113, *Code of Practice.* The cases cited by appellant's counsel, were decisions in reference to amendments changing the *nature* of the *demand* as stated in the original petition. This distinction of amendments into those of *form* and *substance,* is recognised in case of *Allain* vs. *Preston,* 2 *Miller, p.* 391. *See Code of Practice, art.* 419.

2. If the parties appearing as the heirs, were not so, defendant had a method to ascertain the same by means of exception, before the case was set for trial on its merits.

3. The use of the words, *legal representatives,* does not change the amendment from one of *form* to that of *substance,* as the order of court explains the terms, stating the substitution to be that of the heirs.

4. The account was a liquidated one, no objection was made below when the jury gave judgment therefor, and plaintiffs are entitled to interest.

The opinion of the court, PORTER, J. absent, was delivered by MATHEWS, J.

This cause is brought up on a bill of exceptions, found at page five of the record taken to the opinion of the judge *a quo,* by which the defendant was ruled to trial, &c.

It appears that the plaintiff in this action died after bringing suit, and after issue joined. This circumstance would have

EASTERN DIS.
*April*, 1833.

LICQUET'S
HEIRS
*vs.*
PEIRCE.

caused an abatement, but by leave of the court, her heirs or representatives assumed her place, and were made parties by a supplemental petition.

This petition was not served on the defendant, nor does it appear that any express notice of it was ever given to him. Notwithstanding these omissions the new plaintiffs proceeded to trial and submitted their cause to a jury, and obtained a verdict and judgment. When heirs or representatives of a deceased suitor pursue an action already commenced by their ancestor by reviving the judicial process, it may be considered, rather in the nature of a new suit, than an amendment to the pleadings in that previously commenced. In this respect, the article 113, of the *Code of Practice*, cited by the counsel of the appellees in his points, is applicable to the present case, but in no other.

The article 419, relates solely to amendments which may be permitted after issue joined.

If the supplemental petition be viewed rather as a revival of the action, (and in this manner we think it must be viewed) than an amendment to the pleadings, the defendant before he could properly be ruled to trial, ought to have been notified of this revival, either by service of the new petition and citation, or by direct and positive notice to his counsel (if such would suffice) in order to answer and plead *de novo* in such manner as the case might require.

*The supplemental petition of the heirs or representatives of a deceased plaintiff, forms a revival of the action rather than an amendment to the pleadings, and before the defendant can be ruled to trial, he must be notified by service of the new petition and citation.*

We are, therefore, of opinion, that the judge below erred in forcing the defendant to trial, in the manner in which it was done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled. And it is further ordered, that the cause be sent back to said court to be proceeded in *de novo*, according to law. The appellees to pay the costs of this appeal.