No. 2125.—SUSAN T. FLYNN, Tutrix, et al. *v.* E. W. FLYNN.

Where a party plaintiff to a suit gets married while the suit is pending, the supplemental peti- tion making her husband a party need not be served on the defendant.

APPEAL from the Fifth Judicial District Court, parish of East Feli- ciana, *Posey,* J.    *John McVea* for plaintiff and appellee.    *W. F. Kernan* for defendant and appellant.

HOWE, J.    The plaintiffs sue upon a promissory note given by defend- ant as part of the purchase price of land, and claim the vendor's privi- lege.    The defendant, residing in a different parish, claims in reconven- tion a large sum for board and lodging, &c., furnished the plaintiff's family.

Upon the trial, Sarah Flynn, one of the parties plaintiff, filed her sup- plemental petition averring that she had [since the institution of the suit as it appears] intermarried with Benjamin Smith, and asked to *continue* party plaintiff in the case "aided and authorized by her said husband, and adopting all the allegations originally made in said peti- tion and praying for the same judgment."

It appears from the bill of exceptions, reserved by defendant, that the plaintiff's counsel thereupon moved to make the said Sarah and her husband parties plaintiff, and to proceed with the trial of the cause. The defendant objected to proceeding with the trial of the cause on the ground that the supplemental petition ought to be served, with cita- tion, and the case continued.    The court overruled the objection, and, proceeding with the trial, gave judgment in favor of plaintiff, as prayed for, and rejected the reconventional demand.

We do not think the court erred in its ruling.    The minor was already a party plaintiff through her tutrix, but in consequence of her marriage,

*pendente lite*, it became proper to put the fact on record and to join her husband as a party. This was done, as appears by the bill of exceptions. The amendment was formal. The substance of the plaintiffs' demand was in no way altered. In such a case we do not think it necessary to have the supplemental petition served with citation and the cause continued. 3 M. 398; 12 R. 138.

The reasoning used by this court in Locquet's Heirs *v.* Pierce, 5 L. 361, does not apply to this case.

Upon the merits, we do not feel authorized to disturb the judgment. The plaintiff's demand is practically admitted. The reconventional demand is vague in itself, and the evidence is contradictory. Under such circumstances the decision of the judge who heard the witnesses and rejected the claim will prevail.

It is therefore ordered and adjudged that the judgment appealed from be affirmed.