A. H. **FREIBERG & CO.**, Appellant, v. **CHESELING**, Respondent. (Supreme Court, Appellate Term. May, 1902.) Action by A. H. Freiberg & Co. against Max Cheseling. L. A. Tanzer, for appellant. J. E. Pidgeon, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff for goods, wares, and merchandise sold to the defendant, and it was alleged in the complaint that the plaintiff was a foreign corporation, organized under the laws of the state of Illinois. The defense was that the goods were not as represented. The court upon the trial held that the defendant had the affirmative of the issue raised by the pleadings, and, after testimony had been given by the defendant, dismissed the complaint upon the ground that the plaintiff "is a foreign corporation, and there being no allegation in the complaint that the plaintiff has filed the certificate required by statute authorizing them to do business or to sue in this state, and there being no proof before me of the filing of such

certificate. upon motion of the defendant, the complaint is dismissed, without prejudice to another action." This dismissal was based upon the authority of Parmele Co. v. Haas, 67 App. Div. 457, 73 N. Y. Supp. 986. That decision might be applicable to the case at bar, did the testimony show that the plaintiff was "doing business" within the state, so as to come within the inhibition of the statute. This does not appear to be the fact. The defendant herein gave an order for goods to one Dresser, an agent of the plaintiff. The order was filed with a firm of commission merchants and manufacturers' agents in this city, and transmitted by them to the plaintiff, who was requested to acknowledge the receipt thereof to the defendant, and to ship the goods to him by freight from its factory and place of business in Chicago, Ill. The defendant received the goods from the factory, and communicated with the plaintiff by letter addressed to its factory aforesaid. This does not constitute "doing business" within this state. Vaughn Mach. Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Cummer Lumber Co. v. Associated Manufacturers' Mut. Fire Ins. Corp., 67 App. Div. 151, 73 N. Y. Supp. 668; Waller v. Rothfield, 36 Misc. Rep. 177, 73 N. Y. Supp. 141. Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.