BLANCHARD, J.
Plaintiffs are a commercial firm, whose domicile is the city of New Orleans. They sell goods in Louisiana, Mississippi and other states.
Defendant is a Mississippi corporation having its domicile at Brookhaven in that state.
In April, 1901, plaintiffs sent a representative to Brookhaven, and while there, he, in behalf of his principals, made a contract with the defendant, whereby Payne & Joubert undertook to furnish defendant corporation with the details, working drawings, specifications and materials for the construction of a patent safety steam dry kiln, for which defendant was to pay them $1,745.00, “free on board of cars or boat at New Orleans,” subject to the terms mentioned in the contract.
Defendant knew plaintiffs were residents of and doing business at New Orleans, and in the contract consented to accept delivery of the materials on board of cars or boat at that city, and to pay all expenses of freight, cartage and handling of the apparatus after such delivery.
So here was a contract which, while signed in the state of Mississippi, stipulated that the delivery of the things which were the object of the contract was to be made in the .state of Louisiana, defendant agreeing to accept delivery free on board the cars or a boat in New Orleans in the latter state.
For the purpose of this discussion the alle•gations of plaintiffs’ petition must be taken as true, and these set forth that plaintiffs proceeded immediately to the execution of ,the contract and when the completion of the ¡same was about consummated and they were about to make the shipment of the materials constituting the outfit contracted for, defendant wired an attempted cancellation of .the contract, and forbade the shipment of the goods, to which plaintiffs replied by telegram denying defendant’s right to cancel the order.
It is further represented that no time for the delivery of the outfit was named or fixed by the contract, and that plaintiffs were not in default in reference thereto and had not been put in default by any demand made upon them by defendant.
Other averments are to the effect that on the same day the telegram was sent defendant wrote by mail to plaintiffs that the contract and order were canceled and that it would decline to receive the materials if shipped or accept the execution of the contract by the plaintiffs, and, thus, an active violation of the contract occurred through the said acts of defendant, rendering the latter liable in law to the plaintiffs.
Following the cancellation of the order and alleged violation of contract, Jno. B. Nalty, the president of defendant company, who had made and signed the contract on behalf of the company, appeared in New Orleans, whereupon plaintiffs brought this suit in the civil district court of said city and secured personal service of citation upon the said Nalty in his capacity as president aforesaid— the citation being addressed to defendant company through the said Nalty, president. This was in July, 1901.
In October following, defendant company, appearing solely for the purpose of the plea, filed an exception ratione personas.
This exception was maintained by the district judge, from whose judgment an appeal was prosecuted to the court of appeal, which tribunal reversed the judgment, and ordered the case remanded for trial upon the merits.
Whereupon, on application made for its writ of review, this court ordered up the papers.
Euling — At the trial of the exception in the district court Mr. Nalty was sworn on behalf of defendant for the purpose of showing that defendant was purely a Mississippi corporation and neither owned property in the state of Louisiana, nor did business here. He 'so testified.
Asked if the company had ever had any dealings with people in Louisiana on matters of business he answered in the negative.
In this he was mistaken, for the contract which he had entered into with plaintiffs, and which is made part of plaintiffs’ petition, shows the contrary.
He did not testify he was not in Louisiana on business for the company. He was not asked relative to that.
In Gravely v. Southern Ice Machine Company, 47 La. Ann. 389, 16 South. 866, it was held that any service of citation, which would be sufficient as against a domestic *709 corporation under the laws of the state, will suffice as against a foreign or nonresident corporation, if so provided by statute, and that, accordingly, service made upon the president of a foreign corporation during the time he may be temporarily abiding within the jurisdiction of the court where the suit is brought, is sufficient to bring such corporation into court, and a judgment rendered in an action thus commenced against a foreign corporation is enforceable against any property that may be found at any time within the state belonging to such corporation.
The doctrine there announced is applicable, at least, to a case, like the present one, where a corporation domiciled in Mississippi buys goods under a contract made in Mississippi with the representative of a commercial firm located at New Orleans — the goods so bought to be delivered “free on board cars or boat at New Orleans” — and a violation of the contract on part of the company is claimed, shortly after which the president of the company appears in New Orleans and personal service is had upon him there in a suit against the company on account of such violation.
We hold that such service suffices, under those circumstances, to bring the corporation into court.
See, also, State of Louisiana v. Ohas. O. Buck and the Plaquemine Tropical Fruit Company, 46 La. Ann. 666, 15 South. 531.
It is ordered that the judgment of the court of appeal for the parish of Orleans do stand as the proper determination of the issue here presented.