Criminal law ⊗⇒1160—Supreme Court will not review bill of exceptions presenting fact question merely.

Where the only bill of exceptions was reserved to the overruling of a motion for new trial based on the plea that the verdict was contrary to the law and evidence, the Supreme Court will not review the findings of the trial judge, the question presented being merely one of fact.

Appeal from Fifteenth Judicial District Court, Parish of Allen; Thos. F. Porter, Jr., Judge.

Oscar Hebert was convicted of selling liquor for beverage purposes, and he appeals. Affirmed.

A. R. Mitchell, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., and John J. Robira, Asst. Dist. Atty., of Jennings (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division A, composed of O'NIELL, C. J., and BRUNOT and ROGERS, JJ.

BRUNOT, J. The defendant has appealed from a conviction and sentence for selling intoxicating liquor for beverage purposes.

There is only one bill of exception in the record. It was reserved to the overruling of a motion for a new trial. The motion is based upon the plea that the verdict is contrary to the law and evidence, but as it merely presents a question of fact this court cannot review the finding of the trial judge thereon.

For these reasons, the verdict and sentence appealed from are affirmed.

(98 South. 856)

No. 24073.

## PREMEAUX v. HENRY FORD & SON, Inc.

(Dec. 3, 1923. Rehearing Denied by Division B. Jan. 25, 1924.)

*(Syllabus by Editorial Staff.)*

1. Corporations ⊗⇒673—Evidence held to sustain finding that corporation was not doing business in state, so that jurisdiction of it was not acquired.

In a widow's action to recover for the death of her husband, through the overturning of a tractor manufactured by defendant, a foreign corporation, evidence *held* to sustain a finding that defendant had no property or representative in the state, and was not doing business therein, within Const. 1898, art. 264, and Act No. 179 of 1918, so that jurisdiction of defendant had not been acquired by citation under that act.

2. Death ⊗⇒7—Suit for wrongful death held one in personam and not in rem.

A suit by a widow to recover for the death of her husband, killed by the overturning of a tractor manufactured by defendant, a foreign corporation, *held* not a suit in rem, but in personam, growing out of an alleged tort.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Mrs. Donatile Premeaux against Henry Ford & Son, Inc. An exception to the jurisdiction of the court was sustained, and plaintiff appeals. Affirmed.

A. R. Mitchell, of Lake Charles, for appellant.

Pujo & Bell, of Lake Charles, for appellee.

By Division A, composed of O'NIELL, C. J., and BRUNOT and ROGERS, JJ.

BRUNOT, J. This is a suit by the widow of Oda Premeaux who alleges that by reason of defects in a Fordson tractor, which her husband was operating, the machine overturned and crushed him to death. The prayer of the petition is for $25,000 as damages,

together with legal interest thereon and costs of the suit.

Citation was served upon the defendant corporation in the manner prescribed by section 1(c) of Act No. 179 of 1918.

The defendant excepted to the jurisdiction of the court, ratione personæ. The exception was sustained, a motion for a new trial was overruled, and plaintiff has appealed.

The record discloses that, defendant is a foreign corporation, engaged in manufacturing automobiles, tractors, trucks, etc. It was organized under the laws of Michigan, and is domiciled and doing business at Dearborn in that state. It has no agent or representative in the state of Louisiana, but sells its products f. o. b. Dearborn, Mich., with sight draft for the purchase price attached to each bill of lading covering a shipment.

It is shown that the Fordson tractor which overturned and caused the death of plaintiff's husband was purchased from the Huber Motor Company, and that the Huber Motor Company purchased this tractor from Drier Motor Company, of Texarkana, Ark.

The first question presented for our consideration is whether Henry Ford & Son, Inc., is or was doing business in Louisiana, within the meaning of the law which authorizes suits against foreign corporations in the courts of this state.

Plaintiff relies upon article 264 of the Constitution of Louisiana, which was in effect at the date of the filing of this suit, and upon Act 179 of 1918. Article 264 of the Constitution is as follows:

"No domestic or foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the state upon whom process may be served." . .

Section 1(c) of Act 179 of 1918 provides that:

"In case service cannot be made as provided in either paragraph (a) or (b) of this section, the officer charged with the duties of making the service shall, after diligent effort, make return to court, stating the efforts made by him to secure service and the reasons for his failure so to do, and thereafter the judge, or in the event of his absence from the parish, the clerk shall order service to be made on the Secretary of State, whose duty it shall be forthwith, to send by registered mail, addressed to the corporation at its last known domiciliary post office address, the originals of the papers served upon him, retaining in his office true copies thereof, upon which he shall note the date, manner and other particulars of the service and of the disposition of the originals."

Defendant's exception to the jurisdiction of the court alleged that it was not engaged in doing business in the state of Louisiana; it was not present in the state; it did not maintain an office in the state; nor had it appointed an agent in the state.

The testimony of Mr. G. F. Mead, assistant secretary of defendant, taken under commission, and the testimony of Mr. T. L. Huber, president and manager of the Huber Motor Company, abundantly sustain the allegations of the exception.

Plaintiff, in answer to a rule to show cause why the depositions of Mr. Mead should not be used in evidence, urged as objections thereto the failure of the certificate of the notary before whom the depositions were taken to properly authenticate the testimony or to prove his signature or capacity in the manner required by law.

The certificate of the notary public is as follows:

"To the Honorable, the Judge of the Fifteenth Judicial District Court of Louisiana, in and for the Parish of Calcasieu:

"I, Bertrand D. Connolly, a notary public in and for the county of Wayne, state of Michigan, authorized and empowered by law to administer oaths and take the depositions of witnesses, do certify that under and by virtue of the commission issued by the above-named court under date of March 23, 1920, and addressed to me, I did appoint the 8th day of, April, 1920, at the hour of 2 p. m., for the said witness G. F. Mead, to come before me, and I did then and there examine him upon his oath administered by me upon the Holy. Evangelist and

caused his answers to the direct interrogatories and cross interrogatories hereto annexed, to be reduced to writing, and thereafter, the said witness read said answers, subscribed, signed and swore to the same before me, and I, said notary, hereby made return to the honorable court above named, returning the following documents bound in one piece: 1. Original commission. 2. Original direct interrogatories. 3. Original cross interrogatories. 4. Answers to direct and cross interrogatories, and the following documents which are made a part of the answers thereto; marked Exhibits A, B, C, and D.

"In witness whereof, I have hereunto affixed my hand and set my seal of office at Detroit, Michigan, on the 9th day of April, 1920. [Signed] Bertrand D. Connolly, Notary Public, Wayne Co., Mich. Com. expires Nov. 7, 1920. [Seal.]"

It appears that this notary prepared an affidavit containing a recital of the foregoing certificate, of his signature thereto, and of his capacity as a notary public, which affidavit was subscribed and sworn to by him before another notary public of Wayne county, Mich.

The trial judge took judicial notice of the capacity of the notary and overruled plaintiff's objection to the admission of the testimony taken under commission. Inasmuch as there is no evidence in the record which rebuts the direct testimony of Mr. T. L. Huber, it is unnecessary to review that ruling. Plaintiff contends that the letters attached to the depositions, Mr. Mead's answer to cross interrogatory No. 17 and Mr. Huber's testimony that he was the exclusive distributor of Fordson tractors in Louisiana, is evidence of the existence of an agent of defendant in the state. This contention is a mere assumption of plaintiff, because Mr. Huber, in a clear, concise and lucid manner explains his dealings with the defendant. He says Huber Motor Company was not defendant's agent. It was the distributor of Fordson tractors, but it purchased the tractors direct from defendant and resold them, for its own account, to other dealers. The purchases were f. o. b. cars at the factory in Michigan, and each shipment came with sight draft attached to the bill of lading. He says the Huber Motor Company had no contract with defendant which would have prevented Henry Ford & Son, Inc., from selling tractors to other dealers in Louisiana if it had desired to do so.

[1] The testimony clearly shows that the defendant had no agent or representative in this state; it was not doing business in Louisiana, within the contemplation of the Constitution or laws of the state; and it had no property in the state.

[2] This is not a suit in rem. It is an action in personam, and grows out of an alleged tort.

Plaintiff relies upon the authorities which hold that a cause of action arising from a tort follows the offending party into any jurisdiction where he may be found, and the tort-feasor may be sued where found or in the parish where the tort is committed.

As the defendant has not been in Louisiana, has not done business, and has no agent or property in the state, these authorities have no application to the facts of this case, and we will therefore dismiss them without comment.

The case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, lays down the following rule:

"The state, having within its territory property of nonresidents, may hold and appropriate it to satisfy the claims of its citizens against them; and its tribunals may inquire into their obligations to the extent necessary to control the disposition of the property. If nonresidents have no property in the state, there is nothing upon which the tribunals can adjudicate."

Section 1(c) of Act No. 179 of 1918 and section 2 of Act 54 of 1904 are substantially the same with respect to service upon the Secretary of State. This court, in applying section 2 of the last-mentioned act, says:

"The second section quoted infra contemplates business in the state. It deals with the presence of the company, and with the fact that while here, if it engages in business (or to

quote from the section 'do business in the state'), the service must be made as before mentioned. * * * It is well settled that those who are absentees without property here, whether they are persons or corporations, must be sued at their domicile, in all actions in personam. Under the federal and state Constitutions the state is without power to create a court before whom one who is absolutely an absentee may be sued; that is, an absentee who has no property and no domicile or interest." Gouner v. Missouri Valley Bridge & Iron Co., 123 La. 964, 49 South. 657.

In the case of People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537, the court says:

"The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted. * * * As to the continued practice of advertising its wares in Louisiana, and sending its soliciting agents into that state, as above detailed, the agents having no authority beyond solicitation, we think the previous decisions of this court have settled the law to be that such practices did not amount to that doing of business which subjects the corporation to the local jurisdiction for the purpose of service of process upon it."

See, also, Green v. Chicago, etc., R. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; Hessig-Ellis Drug Co. v. Sly, 83 Kan. 60, 109 Pac. 770, Ann. Cas. 1912A, 551; Corn Products Mfg. Co. v. Western Candy & Baker's Supply Co., 156 Mo. App. 110, 135 S. W. 985; A. H. Frieberg & Co. v. Cheseling, 38 Misc. Rep. 740, 78 N. Y. Supp. 1106; E. T. Burrowes Co. v. Caplin, 127 App. Div. 317, 111 N. Y. Supp. 498; Lathrop-Shea & Henwood Co. v. Interior Const. & Imp. Co. (C. C.) 150 Fed. 666; Butler Bros. Shoe Co. v. U. S. Rubber Co., 212 U. S. 577, 29 Sup. Ct. 686, 53 L. Ed. 658; I. J. Cooper Rubber Co. v. Johnson, 133 Tenn. 562, 182 S. W. 593, L. R. A. 1917A, 282; Eastman v. Tiger Vehicle Co. (Tex. Civ. App.) 195 S. W. 336.

Defendant urges the unconstitutionality of Act No. 179 of 1918, basing its attack upon the decision in Gouner v. Missouri Valley Bridge Co., 123 La. 964, 49 South. 657. It is not necessary to consider this question because we are of the opinion that the only business which the defendant in this case had in Louisiana was that of interstate commerce.

The judgment of the lower court sustaining the exception to the jurisdiction of the court ratione personæ is therefore correct, and it is affirmed at appellant's cost.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.

<hr />

(98 South. 858)

No. 24074.

Oda PREMEAUX v. HENRY FORD & SON, Inc.

(Dec. 3, 1923. Rehearing Denied by Division B. Jan. 25, 1924.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

A. R. Mitchell, of Lake Charles, for appellant.

Pujo & Bell, of Lake Charles, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. Plaintiff has brought this suit in his capacity as dative tutor of the minors Laurence and Lula Mae Premeaux, the issue of the marriage of Oda Premeaux and Donatile Premeaux.

The petition alleges the same cause of action, for and on behalf of the minor children of Oda Premeaux, deceased, as is alleged by the widow of the deceased, in the case of Mrs. Donatile Premeaux v. Henry Ford &