### No.———

### First Circuit

---

### KENDALL v. GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN

---

(June 28, 1927. Opinion and Decree.)
(March 7, 1928. Opinion and Decree on Rehearing.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Corporations — Par. 293, 294.

A corporation cannot do business within a state without its express or implied consent which may be given on such terms as the state may see fit to impose.

2. Louisiana Digest—Corporations — Par. 301, 303; Insurance—Par. 168.

A fraternal benefit society cannot take advantage of its failure to appoint the Secretary of State, upon whom all legal process may be served in accordance with Section 17 of Act 256 of 1912; by pleading that the Court has no jurisdiction over it because of its failure to observe these requirements.

3. Louisiana Digest — Corporations—Par. 300, 301; Insurance—Par. 168, 172.

A petition which contains no allegation that the contract for Fraternal Benefit Insurance was made in this state by an agent of the defendant foreign association or that it was entered into since said foreign association was doing business in Louisiana, does not state sufficient to show jurisdiction of the Court by service on the Secretary of State under Act 256 of 1912.

4. Louisiana Digest—Corporations — Par. 301; Insurance—Par. 168, 172; Pleading —Par. 66.

Allegations of the petition which merely show jurisdiction of the Court by implication are not sufficient, and consequently, an exception to the jurisdiction will be sustained.

Appeal from the Parish of Washington. Hon. Prentiss Carter, Judge.

Action by Mrs. Grace T. Kendall against Grand Lodge of the Brotherhood of Railroad Trainmen.

There was judgment for defendant and plaintiff appealed.

Judgment reversed but on rehearing judgment of District Court reinstated.

Ott & Rich, of Bogalusa, attorneys for plaintiff, appellant.

Bascom D. Talley, of Bogalusa, attorney for defendant, appellee.

LECHE, J. Dissents to original opinion.

ELLIOTT, J. Dissents to final opinion on rehearing for written reasons.

MOUTON, J. In May, 1925, a beneficiary certificate was issued by defendant to Mart Kendall, deceased husband of plaintiff, who brings this suit for herself, individually, and for her minor daughter, Gloria, as beneficiaries thereunder.

Plaintiff alleged that the defendant association had no agent in this state on whom process could be served, and asked that it be cited through the Secretary of State.

Defendant excepted to the jurisdiction of the court, alleging that the court was without authority to cite it through the Secretary of State. The exception was maintained, and the suit dismissed.

Plaintiff appeals.

The constitution and rules of defendant association, domiciliated in Cleveland, Ohio, show that it is organized solely for the benefit of its members and their beneficiaries; that it has a lodge system and a representative form of government; that it provides for the payment of death benefits for physical disability and old age at 70, all in accordance with the provisions of section 5 of Act 256, 1912, p. 565. The defendant association must therefore be classed as a fraternal benefit society under that act.

Section 17 of that act provides that every society, domestic or foreign, shall before admission and before being licensed, appoint in writing the Secretary of State and his successors, to be its lawful attorney upon whom all legal process against it, shall be served.

The defendant association, without pretending at all that it had complied with this imperative requirement of Section 17 of said Act, came into court for the sole purpose of excepting to its jurisdiction on the ground that it had no power to cite it through the Secretary of State. The appearance of defendant in the manner stated, carried with it an implied admission or confession that it had been doing business in the state without having appointed an agent, or the Secretary of State, as its agent for service of process of which it was charged in plaintiff's original and amended petition.

A corporation cannot do business in a state without its express or implied consent which may be given on such terms as the state may see fit to impose. Old Wayne Mutual Life Association vs. Flynn, 66 N. E. 57. It may require as a condition precedent to do business in the state, that a corporation shall in writing designate an agent or put an officer on whom process against it shall be served. Ruling Case Law, Vol. 21, p. 1350, Verbo, process, par. 99. It is stated in connection with the above "that there is some conflict, however, as to whether a foreign corporation doing business within the state without complying with a statute requiring as a condition precedent the designation of a state official to accept service of process, is bound by service on such official. One view is that by doing business in the state the corporation necessarily submits to the service of process against it on the officer whom it must have designated had any designation been made, and the other, that by failing to comply with the statute, the corporation merely subjects itself to the penalties and consequences therein enumerated." In a number of cases it is said in connection with the above quotation, that the principal of estoppel has been held controlling against a defendant excepting to the jurisdiction of the court by setting

up the fact that it had not appointed one to accept service as required by the statute, the courts holding that defendant was estopped from setting up its own misconduct. It was so held in Showen vs. Owen Co., 133 Am. State Rep. 376; 122 N. W. 640. See also Penn. Fire Insurance Co. vs. Gold Mining Co., 243 W. T., p. 243, 61 Law Ed. 616. It is true that defendant did not set up here as a fact that it had not complied with the requirements of the statute by failing to appoint the Secretary of State for service of process. It was, however, charged in the original petition that it had not appointed an agent to whom process could be served. This charge necessarily included its failure to appoint the Secretary of State.

In an amended petition filed by plaintiff it was there directly alleged that it had failed to appoint the Secretary of State for service of process. Defendant renewed its exception to the jurisdiction without making reference to the charges of its failure to make that appointment or designation. It must be held under the pleadings that its defense of want of jurisdiction is based on the fact that it has not appointed the Secretary of State or any agent in the state upon whom process could be served, and that the citation on the Secretary of State was without legal authority or power, as contended by defendant, and therefore, null. It is true that authorities referred to by us, were cases where corporations were involved. Here, the defense is urged by a fraternal association, not, it is true, organized under the laws of this State but which comes as hereinabove stated, under the provisions of Act 256 of 1912. This Act, under which defendant is basing its rights in our courts provides that before an association of its character can do business in the State, it must appoint the Secretary of State as its lawful attorney for the service of process. Such being the statutory requirement, we are of the opinion that defendant cannot take advantage of its own misconduct by pleading that the court has no jurisdiction over it because of its failure to observe the essential requirements of the statute.

The judgment appealed from is therefore avoided and reversed, and this case is remanded to the lower court to be proceeded with according to law, appellee to pay the costs of this appeal, those below to abide the decision of this suit.

LECHE, J. Dissenting.

I dissent on the authority of Pennoyer vs. Neff, 95 U. S. 714; S. P. Company vs. Denton, 146 U. S. 207; Gouner vs. Missouri Valley Bridge & Iron Company, 123 La. 926, 49 South. 657.

## ON REHEARING.

MOUTON, J. A re-examination of this case has led the writer of this opinion to the conclusion that the vital question presented, is as to whether the defendant association was doing business in the State of Louisiana at the time the policy was issued to deceased. In the original petition of plaintiff, there is no allegation that the contract with the deceased was made in this State by an agent of defendant association, or that it was when entered into or since doing business in Louisiana. The fact is that plaintiff averred that defendant had no agent in Louisiana, and for that reason had service of citation made on the Secretary of State. The defendant promptly filed an exception to the jurisdiction of the court. Plaintiff, realizing, we presume, the lack of jurisdictional allegations, then filed a supplemental petition alleging that defendant had failed to appoint the Secretary of State as its agent for the service of process and that it still continued to write

fraternal insurance policies, which by implication carried with it the assertion that it was transacting business in this State when the policy was issued to deceased. This supplemental petition was served on the attorney of defendant under the provisions of Section 16 of Act 179, 1918, p. 339. Defendant again challenged the jurisdiction of the court in another exception, contending that it could not thus be brought into court, as its attorney had appeared solely to urge its plea of want of jurisdiction. Conceding that the service on the attorney was legally permissible, it is evident, however, that the plea to the jurisdiction which was renewed against the supplemental petition, could not have the effect of admitting as true the jurisdictional allegations which appeared for the first time in the amended petition and by implication. In an exception of no cause of action such allegations would be accepted as true, but not in an exception to jurisdiction in which the authority of the court is denied. If defendant association was doing or transacting business in this State, evidence or proof was therefore required to establish that fact to vest the court with jurisdiction. It could hardly be expected that defendant would offer proof of that character, and it is therefore clear that the duty of meeting this requirement devolved upon plaintiff.

In Act 54 of 1904, it is made the imperative duty of foreign corporations to file with the Secretary of State, the name of the agent or agents on whom process may be served. In case of failure so to do, these corporations may be sued in any parish of the State where they may be doing business. It must, however, be shown that they are transacting such business, otherwise our courts have no jurisdiction over them. Gouner vs. Missouri Valley Bridge & Iron Co., 123 La. 964, 49 South. 657. In the case of Peoples Tobacco Company vs. American Tobacco Company, 246 U. S. 79, a case originating in Louisiana, the court said:

"The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction and is by its duly authorized officers or agents present within the state or district where service is attempted."

There is no evidence to show that defendant had in any way subjected itself to local jurisdiction in this case by engaging in business of such nature and character as to warrant that inference. In applying the foregoing doctrine we are assimilating the defendant association to a corporation, an endowment to which it is not legally entitled in the application of the principle involved. The defendant is, as we said in our original opinion, a Fraternal Benefit Society as designated by Act 256 of 1912. Under Section 17 of that Act, every such association, domestic or foreign, must, before being licensed to transact business in this State, appoint in writing the Secretary of State as its agent upon whom all legal process shall be served in any action or proceeding against it. This act does not, however, provide, as it is provided for under Act 54 of 1912 in reference to foreign corporations, that in the event of failure to designate an agent or agents in this State upon whom process shall be served, that such fraternal benefit society may be sued in any parish of the State where it may be doing business. Even if we consider it in the light of a foreign corporation it is impossible to escape the conclusion that it must, at least, appear that it is transacting business in Louisiana in order that it may be subjected to the jurisdiction of the State Courts. Taking the question presented from either angle, we must conclude that the lower court had no jurisdiction and properly dismissed the suit.

It is therefore ordered, adjudged and decreed that our original judgment be annulled, avoided and set aside, and it is further ordered and decreed that the judgment appealed from be re-instated and affirmed.

---

### ON REHEARING.

ELLIOTT, J., dissenting:

Grace T. Kendall, widow of Mart Kendall, deceased, acting for herself and as tutrix for Gloria Kendall, her minor child, issue of her marriage with the said deceased, instituted suit against Grand Lodge of the Brotherhood of Railroad Trainmen in Washington Parish. She alleges that said Brotherhood is a fraternal organization with its principal office in Cleveland, in the State of Ohio. The suit is on certificate No. 432430, in Class C, issued by the Brotherhood to Mart Kendall, and the same with the endorsements thereon, is annexed to and made part of her petition. It calls for $1875.00 of which $875.00 is payable to Mrs. Kendall in cash, and the balance of $1000.00, is payable to Gloria, her minor child, in monthly installments of $30.00 each. The certificate provides that Mart Kendall is a member of Crescent City Lodge No. 669 of said Brotherhood, entitled to all the rights and benefits of membership and to participate in the beneficiary department Class C, for said amounts payable as above stated in case of his death. The petition alleges that Mart Kendall paid all the dues and assessments against him as a member, and that said certificate was in full force and effect at the time of his death. That he departed this life February 4, 1926, intestate, in Washington Parish, Louisiana, where he resided, and which was his domicile at the time of his death. That she submitted to the said Grand Lodge, etc., of the Brotherhood, due proofs of his death, but that said Brotherhood on April 9, 1926, without any legal right or cause, arbitrarily and without notice to her, pretended and attempted to cancel said certificate, and so marked across its face, and refuses to pay same.

That said certificate was in defendant's possession at the time, same having been transmitted to them with the proofs of her husband's death. That said Grand Lodge, etc., has no agent in the State of Louisiana upon whom process can be served, and has not complied with the law of the State on the subject of fraternal benefit societies. She prayed that said Brotherhood be cited to the Secretary of State, and for judgment against them in her favor for $1875 payable as above stated. Citation issued and was served January 18, 1927, as prayed for. On February 11, 1927, defendant appeared through its attorney, in Washington Parish, and excepted to the jurisdiction of the court on the ground that defendant was not residing in Washington Parish, and that said court had no right, power or authority to attempt to bring it into court in that parish. That the court had no authority to cite defendant through the Secretary of State, and prayed that plaintiff's suit be dismissed and rejected at her cost.

On March 29, 1927, Mrs. Kendall individually and as tutrix, with leave of the court, filed an amended and supplemental petition in which she alleges that said Grand Lodge of the Brotherhood of Railroad Trainmen had not appointed the Secretary of State its agent upon whom process could be served and had not qualified to do business in this State in order to write fraternal beneficiary certificates, and was not so qualified when the certificate herein sued on was written in this State, and notwithstanding its failure to so qualify, continues to write fraternal insurance in this State. That defendant had appeared

through its attorney and excepted to the process served on the Secretary of State. She therefore prayed that citation and copy of the original petition be served on its attorney as provided for in Section 18, Act 179 of 1918.

Service was made as prayed for, and upon which defendant, on April 13, 1927, again appeared through its attorney and excepted to the citation, alleging in its exception that plaintiff could not take advantage of its appearance solely for the purpose of excepting to the jurisdiction of the court, in that way. That it had never been cited. That it was a fraternal benefit society and not a corporation. That laws as to corporations did not apply to it, unless specifically named. That plaintiff's attempt to bring it into court as a corporation was illegal, void and of no effect. That plaintiff was without right or authority to bring defendant into court in Washington Parish, and defendant finally prayed that the citation served on its attorney be revoked and set aside, and that plaintiff's suit be dismissed at her cost.

While defendant is a fraternal benefit society provided for by Act 256 of 1912, and not a corporation, yet the result of its appearance in court is just like that of any other defendant, consequently its exception of April 13, 1927, stated by it to be an exception to the service of citation and original amended petition on its attorney, has no foundation on which to rest, for the reason that its appearance on February 11, 1927, had accomplished the object of citation. See Louisiana Digest, Vol. 2, p. 143, Section 47. Godchaux vs. Texas & Pacific R. R. Co., 151 La. 955, 92 South. 398. That appearance left nothing before the court except the question of jurisdiction. As for plaintiff's amended and supplemental petition served on its attorney, the amendment did not, and it is not contended that same

changed the substance of plaintiff's demand. Therefore there was no need for serving it on defendant. The filing of same in the record, with leave of the court, is all the notice that the law provides for. C. P. Arts. 419, 420, 421, etc.; Flynn vs. Flynn, 21 La. Ann. 168.

The service of an amended and supplemental petition is only necessary when the amendment is in effect a new suit. Licquette Heirs vs. Pierce, 5 La. 361; Tremont Lumber Co. vs. May, 143 La. 389, 78 South. 650. Act 170 of 1918 refers to voluntary associations domiciled in the State only, and does not contemplate a situation like the present.

The photographic copy of Mart Kendall's application for membership in defendant, attached to the certificate sued on, states that his address is Rio, La. A like copy of the report of the medical examiner, indicates that his examination took place at Bogalusa, La. The certificate was first payable entirely to Mrs. Kendall. It was subsequently changed, and made payable to wife and daughter. In making the change it is stated that they are residents of Bogalusa, La. We take cognizance of the fact that these places are in Washington Parish. This showing taken in connection with the averments above mentioned, is all that we have on the subject as to whether defendant, at the time of suit, was present and engaged in doing a fraternal benefit insurance in the State. Defendant in its appearance denies that it is a resident of the State, but it does not deny that the certificate sued on was written in the State, nor that it is continuing to do business in the State as alleged in plaintiff's amended petition. No evidence was offered nor tendered on the subject. The question of citation and of jurisdiction, was submitted to the Court on the allegations of the plaintiff and defendant, and is

before us in the same way. The certificate purports to have been signed by the defendant in Cleveland, Ohio, but to have been accepted for Mart Kendall by Crescent City Lodge No. 669, which does not purport to be located there. It is stated in one of the photographic copies of the application for the cerificate, that: "Any beneficiary certificate based upon this application shall be held to be a contract made in the State of Ohio, and subject to its law," and purports to have been signed by Mart Kendall. But if the certificate was in fact written in this State, and the defendant continues to write fraternal insurance in this State, that fact must, in my opinion, prevail over the showing and statement above mentioned for the purpose of acting on the question of jurisdiction. A similar situation was before the Supreme Court in Payne & Joubert vs. East Union Lumber Company, 109 La. 706, 33 South. 739.

In that case there was an exception to the jurisdiction of the Court in personam on the ground that the defendant, a Mississippi corporation, could not be brought before the Court in Louisiana for such a purpose. The Court acting on the pleadings held that it could.

· The Act 256 of 1912 and the Constitution of 1921, Art. 13, sections 4 and 8, were in force and effect when the certificate sued on was issued.

It is defendant's contention that even if the certificate sued on was written in this State, and even though it continues to write fraternal insurance in the State, as it has not appointed the Secretary of State its agent upon whom process can be served, and has not complied with the State law, which conditions the right to write fraternal benefit insurance in the State, it cannot be sued here on its liabilities and judgment rendered against it in personam thereon. That if the plaintiff desires to sue to compel payment of the certificate issued to her husband here, she must bring suit at Cleveland, Ohio.

The provision "After the promulgation, no one can allege ignorance of the law," C. C. Art. 7, applies to citizens of other states coming into and doing business in this State. The Act 256 of 1912, sections 16 and 17, provides as follows:

"That no foreign society transacting business organized prior to the passage of this Act, which is now authorized to transact business in this State, shall transact any business in this State, without obtaining a license from the Secretary of State authorizing it to do so, and filing with the Secretary of State a copy of its charter, constitution, by-laws, etc." .

The foreign society is also required, before transacting any business in this State, to appoint in writing the Secretary of State and his successors in office, to be its true and lawful attorney, upon whom all legal process in any action or proceeding against it, shall be served, and in such writing shall agree that any lawful process against it, which is served upon such attorney, shall be of the same legal force and validity as if served upon the society, and the authority shall continue in force so long as any liability remains outstanding in this State, etc. The Act makes it the official duty of the Secretary of State, as soon as any process has been served on him, to forthwith forward by registered mail a duplicate copy of the same directed to its secretary or corresponding officer, etc.

In Gouner vs. Missouri Valley Bridge & Iron Co., 123 La. 964, 49 South. 657, the suit was based on an alleged quasi offense in which a citizen of this State had been killed while in the employ of the defend-

ant. The Court held that an action in personam on that account could not be maintained against the defendant in this State, because it had completed its work, ceased to do business in the State, and had left the State before the suit was filed. The decision was also partly based on the fact that Act 54 of 1904 did not make it the official duty of the Secretary of State to forward to the defendant, notice of the process served on him. This defect in Act 54 of 1904 is corrected by section 17 of Act 256 of 1912. The difference between the present case and the one cited is that the present case is based on contractual liability, alleged to have been contracted in this State by a defendant engaged in contracting other liabilities of the same kind, at the time the suit was filed.

In Pennoyer vs. Neff, 95 U. S. 714, there was no citation except by publication. The Court held that no judgment could be rendered in personam against a non-resident cited in that way. But in the course of the same opinion, the Court says:

"Neither do we mean to assert that a State may not require a non-resident, entering into a partnership or association within its limits or * * * making contracts enforceable there, to appoint an agent or representative in the State, to receive service of process and notice in legal proceedings, instituted in respect to such partnership, association or contracts, or to designate a place where such service may be made and notice given, and provide upon their failure to make such appointment or to designate such place, that service may be made upon a public officer designated for that purpose or in some other prescribed way, and that judgment rendered upon such service may not be binding upon the non-residents, both within and without the State."

Taking into account the provisions and requirements of Section 17 of Act 256 of 1912 and the Constitutional provisions heretofore mentioned, and the acts alleged against defendant, the case recognizes the authority of the Washington Parish Court.

Southern Pacific Company vs. Denton, 146 U. S. 202, is based on an act of Congress regulating the jurisdiction of the Federal Courts. The Court held in that case that the Acts of Congress on the subject of the jurisdiction of the Federal Courts prevailed over state legislation in conflict therewith.

In Premeaux vs. Henry Ford and Son, 155 La. 106, 98 South. 856, the Court held that on the record in that case, and according thereto, the defendants had not done, and were not engaged in doing business in the State.

In Peoples Tobacco Co. vs. American Tobacco Co., 246 U. S. 79, the court speaking of what constitutes doing business in a state, says:

"Each case depends upon its own facts. The general rule deducible from all our decisions, is, that the business must be of such nature and character, as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

According to plaintiff: "The certificate herein sued on was written in this State," and defendant "notwithstanding its failure to so qualify, continues to write fraternal insurance in this State."

Peterson vs. Chicago, Rock Island & Pacific R. R., 205 U. S. 364, is not different as an authority from the case just mentioned.

In Hussey Tie Co. vs. Knickernocker Insurance Co., Circuit Court of Appeal, 8th Circuit, a person with authority to solicit insurance but without authority to write policies, obtained, and sent business to the home office in another state. The court

held that such a solicitor was not an agent of the insurance company, and on the question of jurisdiction, held that soliciting of the kind did not amount to doing business in the state where such solicitor resided.

A similar difference exists between the present case and that of Minnesota Commercial Men's Assn. vs. Benn, 261, 140.

Defendant also contends that the penalty and prosecution provided for by Section 31, Act 256 of 1912, is all that can be done to a fraternal insurance company for failure to comply with the requirements of sections 16 and 17. The penalty and prosecution provided for in section 31 is against the offending individual who acts as agent. This provision was not intended to prevent a suit by a citizen against a defendant, present in the State, for the purpose of recovering of such defendant, what it owes him on a liability contracted in the State.

Repeated decisions hold, says the Supreme Court of Louisiana, in Trust Company, Receiver, vs. Germania Insurance Co., 106 L. 669, that a State may lay down the conditions upon which a foreign insurance company shall do business within its territorial limits and make provisions for service of process upon agents, and to acquire jurisdiction in the event of a suit to recover upon the policy issued. The question has been considered in a number of decisions and it has been repeatedly decided that different from a natural person, a corporation cannot do business in another state without the latter's consent, and that the state has full power to fix the conditions it seems proper. They (corporations) are bound by the statutory agency created, and in entering the state as a corporation, they are bound by and in terms of the statute fixing the agency in such cases. Citing 106 U. S. 350, and 172 U. S. 606, etc.

In St. Clair vs. Cox, 106 U. S. 350, the Court said:

"The statute may therefore impose as a condition upon which a foreign corporation shall be permitted to do business within her limits, that it shall stipulate that in any litigation arising out of its transactions in the state, it will accept as sufficient the service of process on the agent or persons designated, and the condition would be eminently fit and just. And such condition stipulated may be implied as well as expressed. If a state permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition to the permission, and corporations that subsequently do business in the state are to be deemed to assent to such conditions as fully as though they had especially designated this agent to receive service of the process, etc."

In Mutual Life Insurance Co. vs. Spratley, 172 U. S. 602, the Court said:

"In a suit where no property of a corporation is found within a state, and the judgment sought is a personal one, it is a material inquiry to ascertain whether the foreign corporation is engaged in doing business within the state."

The subject of service on an agent designated by a state statute was discussed at length. The court quoted from Lafayette Insurance Co. vs. French, 18 H. 404. According to the case quoted, a statute of Ohio made provision for service of process on foreign insurance companies in suits founded on contracts of insurance there made by them with citizens of that state. The court commenting thereon said:

"We find nothing in this provision either unreasonable in itself, or in conflict with any principle of law. It cannot be deemed unreasonable that the State of Ohio should endeavor to secure to its citizens a remedy in their domestic forum upon this important class of contracts, made to be performed within the State, and fully subject to its laws, nor that proper means should be used

to compel foreign corporations transacting this business of insurance within the state, for their benefit and profit, to answer there for the breach of their contracts of insurance there made and to be performed. Nor do we think the means adopted to effect this object, are open to the objections that it is an attempt to improperly extend the jurisdiction of the state beyond its own limits, to a person in another state."

The opinion says in another place:

"The law may and ordinarily does designate the agent on whom process is to be served. For the purpoe of receiving such service and being bound by it, the corporation is identified with such agent as its officer."

And on page 619 says:

"A vast mass of business is now done throughout the country by corporations which are chartered by states other than those in which they transact part of their business, and justice requires that some fair and reasonable means should exist for bringing such corporations within the jurisdiction of the courts of the states, where the business is done, out of which the dispute arises. It is well said in R. R. Co. vs. Harris, 12 W. 65. When this suit was commenced, if the theory maintained by counsel for plaintiff in error be correct, however large or small the cause of action and whether it were a proper one for legal or equitable cognizance, there could be no legal redress short of the seat of the company in another state. In many instances the cost of remedy would have largely exceeded the value of its fruits. In suits local in their character, both at law and in equity, there could be no relief. The result would be to a large extent, immunity from all legal responsibilities."

It appears from Mutual Reserve Fund Life Assn. vs. Phelps, 190 U. S. 147, that a statute of Kentucky made the Insurance Commissioner of that state the agent of life insurance companies of other states doing business in Kentucky, for the purpose of receiving and serving process, etc. Mutual Reserve Fund Life Assn. had done business in Kentucky and had consented that the Commissioner be its agent as provided for in the statute. The Commissioner cancelled its license and notified the association that its authority to do business in Kentucky was revoked. After that time Mutual Reserve Life Fund Assn. had no agent in Kentucky and did no new business there, but continued to collect premiums and dues on policies already issued. Under these circumstances, Phelps alleging himself to be a creditor of the association on account of a policy issued while it held a license, brought suit thereon against the association in Kentucky, citing it through the Commissioner as provided for in the statute. The association did not appear and was condemned by default. It then appeared and attacked the judgment, alleging that the court had no jurisdiction, that the judgment was null and void, etc. The question was, whether the association having issued the certificate sued on, and having continued to collect dues and premiums thereon after its right to do business had been revoked, was still doing business and present in the state. The court says, page 158:

"It is true the association did not voluntarily withdraw from Kentucky, but was in effect prevented by the statute from engaging in any new business. Why this was done is not shown. It must be presumed to have been for some good and sufficient reason. It would be a hard construction of the statute, that because the state had been constrained to compel the association to desist from engaging in any further business, it also deprived its citizens who had dealt with the association, of the right to obtain relief in its courts."

The service on the Commissioner and the jurisdiction of the Kentucky court in personam was upheld.

It appears from Old Wayne Mutual Life Assn. vs. McDonough, 204 U. S. 8, that a Pennsylvania statute contained a provision making the Insurance Commissioner the

agent of foreign insurance companies doing business in that state, and required them to file stipulation to that effect, authorized process to be served on the Commissioner, and gave to such service the same effect as if served personally on the company. Old Wayne Mutual Life, etc., did not go into Pennsylvania, nor comply with the statute, but issued a certificate of insurance in Indiana, and caused same to be delivered to the insured in Pennsylvania. Suit was instituted against Old Wayne Mutual Life, etc., on the certificate in Pennsylvania. The court on exception to jurisdiction of the court, held that Old Wayne Life, etc., had not done business in Pennsylvania, and that the court there had no jurisdiction, but said in disposing of the question, p. 21:

"Undoubtedly it was competent for Pennsylvania to declare that no insurance corporation should transact business within its limits, without filing the written stipulation provided for in its statute. It is equally true that if an insurance corporation of another state transacts business in Pennsylvania without complying with its provisions, it will be deemed to have assented to any valid terms prescribed by the Commonwealth, as a condition of its right to do business there, and it will be estopped to say that it had not done what it should have done in order that it might lawfully enter that Commonwealth and there exert its corporate powers."

Decisions are then cited to the effect that if a foreign corporation enters a state, and enters into contracts therein without having complied with the statutory conditions of the state, without which it did not have the right to do business in the state, it will not be permitted to take advantage of its wrong. That it will be estopped to set up its non-compliance, for the purpose of escaping the jurisdiction in personam of the courts of the state, when sued there on its contracts entered into in that state and deemed to have assented to all the valid terms of the stat-

ute, as conditions of its right to do business in that state.

The rule applied to corporations in the cases cited and referred to, applies to fraternal benefit societies with equal reason.

In the present case the plaintiff alleges that the certificate sued on was written in this state, and that the defendant continues to write fraternal insurance in this state. The defendant came into court by its attorney, and without denying plaintiff's averments, pleaded non-residence as its only objection to the jurisdiction of the Washington Parish Court.

Plaintiff's said averments are strengthened by the certificate produced, and the disclosure appearing thereon. I think for the purpose of ruling on the power and authority of the court in the present situation, that said undenied averments in plaintiff's petition must be taken as true. That defendant was present in the state at the time of the suit engaged in the business of writing fraternal insurance in the state. That the Grand Lodge of the Brotherhood of Railroad Trainmen must be deemed to have had knowledge of the law, Act 256 of 1912, and the Constitution of 1921, Art. 13, sections 4 and 8, at the time it entered the state and engaged in business therein, and to have assented to the conditions prescribed by said statute, on which it had the right to transact said business and enter into contracts with citizens of this state. That defendant's non-residence and the fact that it did not obtain a license, and appoint by written act the Secretary of State its agent upon whom process could be served in a suit against it on account of its liabilities contracted here, as it should have done under the law, cannot avail it for the purpose of avoiding responsibility in personam to the Washington Parish Court. That in such a situation defendant is estopped to plead its non-resi-

dence and non-compliance with the law for such a purpose, but stands subject to the power and authority of the court, just as effectively as if it had complied with the conditions of the statute in the matters mentioned. I therefore dissent, and contend that our first opinion and decree herein was correct, and that it should be reinstated and made the final judgment of this court.