BREAUX, C. J.
This suit was instituted by plaintiff against the defendant in the parish of St. Mary on the 8th day of January, 1908.
The defendant company was domiciled in the state of Kansas.
Plaintiff claims damages for the death of his son George, a minor 18 years of age.
He was in the employ of the company, and had been ordered by an employe to go ■down into the cáisson under the bridge to work, and while in the caisson he met his death, due; plaintiff charges, to the negligence of defendant.
The company, some time after the suit had been instituted, appeared before the court, filed the required bond, and asked for the removal of the case to the federal Circuit Court.
The defendant in the petition for removal stated that no service of petition had been made.
Defendant, in addition, reserved the right to except to the jurisdiction of the court on the ground that no citation had ever been •served.
The application to remove is not pressed. It is referred to here only because it is pertinent to one of the issues urged; that is, to the issue raised by the fact that it has been held in the district court that defendant waived citation by application to remove, and that the reservation made to ■plead want of citation was of no effect.
Defendant, after the application to remove had been denied, excepted to the ■suit on the ground that it had not been cited.
The judge of the district court sustained ¡the exception and dismissed the suit.
The defendant was not represented by an agent in this state. It left the state immediately after it had completed the work it had contracted to do in bridging the Atchafalaya river for the Southern Pacific at Berwick’s Bay.
Service was made on tiie Secretary of State after it had left the state, and it had no interest or property in the state.
The first' question which attracted our attention was whether legal service can be made through the 'Secretary of State after a foreign corporation, temporarily present at one time in the state, had left, and had taken with it all the holdings it had in the state. When we will have determined that point there will be little else left for decision.
The article of the Constitution requires that corporations shall have a local habitation and a name and an agent upon whom process may be served. Failure to comply with that requirement may be attended with damaging consequences. Beyond all question, this article of the Constitution must be obeyed. But it does not follow that the state can impose an illegal condition precedent to a permit to a corporation to enter the state with its business, viz.: the abandonment of a right secured by the Constitution of due process of law. Southern Pacific Company v. Denton, 146 U. S. 207, 13 Sup. Ct. 44, 36 L. Ed. 942.
If a corporation comes within the state, in accordance with the requirement of a contract, and leaves it with all its belongings, and no suit is filed against it while here, it cannot be brought into court by service, through the office of the Secretary of State, despite Act No. 54, p. 134, Laws 1904, if it can be construed as authorizing such a service on a foreign corporation after it has left as before mentioned.
For convenience of reference we subjoin a copy of section 2 of the act here.
*967 Section 2, p. 134, Act No. 54 of 1904:
“That whenever any such corporation shall do any business of any nature whatever in this state without having complied with the requirement of section 1 (which section is substantially the requirement of the article of the Constitution upon the subject) of this act it may be sued for any legal cause of action in any parish of the state where it may do business, and service of process in such suit may be made on the Secretary of State with the same validity as if such corporation had been personally served.”
The first section is not annexed, as it is not directly pertinent.
The second section quoted infra contemplates business in the state. It deals with the presence of the company, and with the fact that while Here, if it engages in business (or to quote from the section “do business in the state”), the service must be made as before mentioned.
It does not follow from the language that it was in the contemplation of the legislator that a company might be sued if it had left tne state and left nothing in it of its own. The service would be absolutely illegal.
It is well settled that those who are absentees without property here, whether they are persons or corporations, must be sued at their domicile, in all actions in personam. Under the federal and state Constitutions the state is without power to create a court before whom one who is absolutely an absentee may be sued; that is, an absentee who has no property and no domicile or interest.
The court cannot exercise jurisdiction, without citation, over a defendant who is not in the state at the time of the service. The action is not at all in rem. It is exclusively in personam. If a judgment were rendered in favor of plaintiff, it would be absolutely ineffective, as the corporation is subject to another jurisdiction — another sovereignty.
There is a feature in the law last cited that is peculiar, and adds something to its illegality when it is proposed to maintain a service, as in this case. As applying exclusively to foreign corporations absent from the state, within the extreme meaning of the word “absentee,” we will state: This’ law makes no provision whatever for the service on the defendant. The officer may decline to communicate with the person sued and give no notice whatever; not even by mail. A judgment might be obtained without the least knowledge of the person sued. Under the phrasing of the-statute, the duty of the officer begins and ends in his office. If such a judgment were rendered, it could receive no recognition whatever at the place of the domicile. When a petition cannot legally be served on a defendant, the court can exercise no jurisdiction over him. The service defines the court’s jurisdiction.
We quote:
“Foreign corporations can be served with process within the state when doing business therein.” Peterson v. R. R. Co., 205 U. S. 390, 27 Sup. Ct. 513, 51 L. Ed. 841.
The leading case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, is admirably clear. It lays down the rule with precision. In a ease in personam a defendant must be brought into court by service of process.
That case has been affirmed and reaffirmed by the Supreme Court of the United States. The state courts have invariably accepted it.
Story on Conflict of Laws, e. 2, is equally as clear, and quite concise upon the subject.-
The defendant company being a corporation, it may be thought for a moment that rules applying to persons do not apply to a corporation. But the fact that the defendant is a corporation does not alter the rule at all. A corporation is a judicial person, and the rules of procedure apply to them as to natural persons.
Another question relates to the effect to be given to the appearance of the defendant *969 ■In the state court to obtain an order of removal to the federal court.
The contention of plaintiff is that defendant has waived citation by appearing to effect a removal of tbe case; that, although it had reserved its right and urged that it had not been cited, it must be held by its appearance as having bound itself irrevocably.
That contention is before us in a stronger light than ever presented in any case heretofore. We have arrived at the conclusion that there was no waiver of jurisdiction in this case by the appearance for the removal. 'The defendant guardedly in every way imaginable sought to avoid the least appearance of waiver. The right was amply reserved. It ■expressly and unequivocally stated that it ■did not waive the want of citation.
We will here state that the right to plead ■the want of citation may be reserved in the application for the removal.
We therefore affirm the judgment of the district court.