STATE OF IOWA, Appellant, v. BITTER ROOT VALLEY IRRIGATION COMPANY, Appellee.

APPEARANCE: Procedure under Special Appearance. A special appearance for the purpose of attacking the jurisdiction of the court may be made through the medium of a motion, duly supported by affidavits, to quash the service.

APPEARANCE: Who May Make Special Appearance. A foreign corporation which has not taken out a permit to do business in this state may make special appearance in order to plead to the jurisdiction of the court. (See Sec. 1638, Code, 1897.)

APPEARANCE:   What Constitutes General Appearance.   One who enters a special appearance, in order to attack the jurisdiction of the court, will not necessarily be held to have abandoned his special appearance and to have made a general appearance, by the fact that he makes an allegation which apparently goes to the *merits of the action.*

PRINCIPLE APPLIED:   The State brought action against a foreign corporation, and alleged that the defendant had been doing business in this state without the statutory permit.   Judgment was prayed for the statutory penalty.   Service was had on an alleged agent of the defendant.   Defendant announced a special appearance, and alleged that the party upon whom service was had, was not its agent.   The defendant also alleged:   *"That it is not now, and never has been, transacting business in Iowa."*   *Held*, the latter allegation was manifestly intended to bear solely on the validity of the service, and not on the merits of the petition.

PROCESS:   Discharged Agent.   Service is ineffectual when made on one who has been defendant's agent, but whose employment has been terminated prior to the service in question.

AFFIDAVITS:   Cross-Examination.   In the proceedings which are properly heard on affidavits, the court may refuse to require the personal presence of an affiant for cross-examination.

EVIDENCE:   Compelling Production.   The court may refuse an order for the production of books and papers..   (Sec. 4654, Code, 1897.)

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

## DECEMBER 14, 1918.

DEFENDANT appeared specially to object to the jurisdiction of the court, because, as it alleged, no proper notice was served.   The trial court sustained the defendant's exceptions, or pleas, to the jurisdiction, and the plaintiff appeals.
—*Affirmed.*

*G. P. Linville,* County Attorney, and *Rickel & Dennis,* for appellant.

*J. M. Grimm, J. H. Trewin,* and *George W. Miller,* for appellee.

PRESTON, C. J.—The case was submitted upon affidavits and certain exhibits. But we have a record of 288 pages, 147 of which are abstract and additional abstract.

This is an action at law, to recover forfeitures incurred by the defendant, as plaintiff alleges, for a violation of Section 1638 of the Code, by doing business in Iowa, as plaintiff says, without previously obtaining a valid permit from the state for that purpose. The defendant is a foreign corporation. Plaintiff asks to recover forfeitures in the amount of $100,000. The petition, filed November 6, 1914, alleges that, since July 18, 1910, defendant had unlawfully carried on its business of selling lands located in Montana to different parties; that it had done business at different cities and towns in the state. The trial court, in its ruling, did not pass upon the plaintiff's right to recover against defendant by reason of the alleged forfeiture incurred, so that the only issues tried in the district court were in regard to certain pleas to the jurisdiction of the court, which were filed by the defendant. It is claimed that jurisdiction was obtained by service on three different persons, each of whom, it is claimed, was an agent of the defendant. The persons so served were J. W. Laughlin, Frank Snouffer, and D. E. Dalbey. The notice on Laughlin was served by the sheriff, November 6, 1914, in Linn County; the notice on Snouffer was served by the sheriff on March 8, 1915, in Linn County; and on March 20, 1915, Dalbey accepted service of said notice at Cedar Rapids, and recites as agent of the defendant company. These notices were served and filed at different times, and three separate pleas to the jurisdiction were filed by the defendant. Defendant filed affidavits and

exhibits attached thereto, to sustain its pleas to the juris-
diction, and plaintiff filed resisting affidavits, with exhibits
attached.  Other motions were made by plaintiff during the
trial, which will be referred to later.  The three pleas to the
jurisdiction were similar, and we shall set out the substance
of one, as follows:

"Comes now the defendant, and, appearing especially
and only for the purpose of questioning the jurisdiction of
the court herein, alleges:

"First.  That it is a corporation organized and exist-
ing under the laws of the state of Montana, and is not a
resident or citizen of the state of Iowa, and is not now and
never has been transacting business in the state of Iowa.

"Second.  That the original notice in this action was
served upon one J. W. Laughlin, claimed to be an agent of
the defendant, but that said J. W. Laughlin is not and was
not, at the time of said alleged service, nor for a long time
prior thereto, an agent or employe of this defendant, and
never had any connection whatever, as agent or otherwise,
with any of the transactions upon which the claim made in
this suit is based, or out of which it grows; and the said J.
W. Laughlin, at the time and for a long time prior to the
service of the said original notice, had no right or authority
whatever to represent this defendant as its agent in any ca-
pacity, or in reference to any matter, and had no right or
authority to transact any business of any nature whatso-
ever for this defendant; and that, at the time of the alleged
service of said notice upon the said J. W. Laughlin, this de-
fendant had no office or agency in the state of Iowa for the
transaction of any business whatsoever in charge of the
said J. W. Laughlin or any other person.

"Third.  That the alleged service does not confer any
jurisdiction over defendant.

"Fourth.  That, if the court should assume to assert
jurisdiction under such service, the court would violate the

Fifth. and Fourteenth Amendments to the Constitution of the United States; that defendant is not, and was not at the time of such attempted service, doing any business in the state of Iowa, nor was said Laughlin its agent, in such sense that service upon him would be service upon the defendant.

"Fifth. That defendant was engaged in interstate commerce, and was not at any time engaged in transacting business in Iowa.

"Wherefore, defendant moves the court to quash the return on said original notice, and to dismiss this action for want of jurisdiction."

It is claimed by appellee that the present case is the outgrowth and aftermath of two suits brought in the courts of Cedar Rapids by J. W. Laughlin, one of the parties upon whom one of the original notices was served in this suit. It appears by defendant's affidavits that said Laughlin claimed, in the two suits just referred to, that there were certain commissions due him from the defendant, and assigned his claim therefor to one Newman. Newman brought suit, and service of notice was attempted to be made upon a clerk in the employ of defendant in their office in Chicago, but who was temporarily in Cedar Rapids for the purpose of getting a traveling bag, which was the personal property of one Lemon, and upon J. W. Laughlin, the assignor of the claim. A plea to the jurisdiction was filed in that case, but the case was finally settled by stipulation, showing that Laughlin had been paid more than the commissions due him. In the settlement, attorneys other than Rickel & Dennis represented Laughlin.

The other of said two suits was brought in the name of Herron against defendant on the claim assigned to him by Laughlin for $2,000 alleged commissions. Laughlin, assuming to act as agent for the defendant, accepted service of the original notice. Defendant's affidavits show that

said Laughlin never advised defendant company, nor any of its officers or agents, that he had accepted service of said notice. A plea to the jurisdiction was filed in said case, in which it was set up that Laughlin's agency, whatever it was, had terminated before the service on him or the acceptance of notice by him, and that such an acceptance was an attempt to perpetrate a fraud upon the court and the defendant. A petition for removal of said cause to the Federal court was filed, and plaintiff dismissed the case.

Thereafter, the instant suit was commenced. It should have been stated that defendant announced that it appeared specially.

1. The first question raised by appellant is as to whether defendant had the right to plead and rely on Section 3541 of the Code, as amended by Chapter 162, Acts of the Thirty-Fourth General Assembly, Sub-

1. APPEARANCE: procedure under special appearance.

division 4 of which provides:

"Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

It will be noted that the statute quoted does not state how the question of jurisdiction may be raised. Appellant's contention is that, because Code Section 3561 provides that defendant may demur to the petition only where it appears on its face "that the court has no jurisdiction of the person of the defendant or the subject of the action," defendant should have raised the question by answer, under Section 3563 of the Code, which provides:

"When any of the matters enumerated as grounds of demurrer do not appear on the face of the petition, the objection may be taken by answer."

Appellant contends that this would present a question

of fact, for the determination of a jury; or that the question should be raised by answer and plea in abatement, under Section 3642 of the Code. It should be noted that the sections quoted refer to the petition. We do not understand that defendant was in any manner attacking the petition in this case by its special appearance. Appellant cites authority that, under the common law, defects in the service of process may be taken advantage of by a plea in abatement, rather than by motion to dismiss, if the defects in the service do not appear on the face of the proceeding.

Another claim by appellant is that, because Section 1638 of the Code prohibits a foreign corporation which has not taken out a permit from exercising any rights or privileges conferred upon corporations until it

2. APPEARANCE: who may make special appearance.

has done so, it prohibits the defendant from raising the question of the special appearance as to the jurisdiction of the court over it. But we think this is unsound, and shall not further discuss that proposition.

In this case, the paper filed by defendant was designated a plea to the jurisdiction, but the relief asked was by motion to quash the service. Without determining whether any other form of procedure would have been proper, we think this was so, for the purpose of determining the jurisdiction of the person. The statutes of Iowa specifically authorize the use of affidavits to sustain controverted questions of fact arising on motions. Code Section 3833. And Code Section 3831 defines a motion as a written application for an order, etc. It seems to have been the practice, in our courts and many others, to try such questions on motion, supported and resisted by affidavits. It is claimed by appellee that appellant waived any objection to the method of producing the evidence, by its filing affidavits in resistance, before plaintiff filed the motion to strike out the affidavits, and before raising the question as to the method of procedure. This may be so, but we do not determine.

*Wall v. Chesapeake & O. R. Co.*, 95 Fed. 398, and numerous cases therein referred to, are cited by appellee as being in point. That was a suit brought against defendant corporation, and the return of service made by the sheriff stated that the person served was the agent of the corporation, as in the instant case. The suit was removed to the Federal court, and a motion made to quash the service, supported by affidavits. The contention was that the motion to quash was improper, and that the defendant should have filed a plea in abatement, and had a trial of the question by jury; because such was the practice in the courts of Illinois. But the court said:

"The rule   *   *   *   prevailing in the Illinois state courts is contrary to the general rule on the subject in this country, as well as in England. There is no more reason for requiring a plea in abatement and a jury trial to test the question of a sufficient service of a summons than there would be to require the same proceeding, including a jury trial, in all cases where now a motion is held to be the proper remedy. The constitutional right to a jury trial obtains whenever there is any question at issue involving the life, liberty or property of the citizen. But a motion to quash a service of summons, or any other process or order, for insufficiency in the service, involves no such substantial right.   *   *   *   Another service can be made, and the action proceed.   *   *   *   No substantial right is affected by the decision. There are many matters pending in the progress of the case which are daily determined upon motion that are much more important in affecting substantial rights than a motion to set aside an irregular service of process. Take, for instance, the motion for a new trial upon newly discovered evidence after the plaintiff has recovered a substantial verdict."

The court also quotes the English rule to try such questions on affidavit, and the reasons therefor, and says that

convenience and justice demand that questions of this sort should not be the subject of a plea. The court cites a number of American cases in support of the position that the sheriff's return is not conclusive, and may be disputed by affidavits.

This disposes of appellant's claim that it was entitled to a jury trial unless the answer of the defendant was a plea to the merits.

2. It will be seen, from a reading of the pleading or motion filed by defendant, that, with other matter, there is the statement that it is not now and never has been transacting business in the state of Iowa. Plaintiff first moved to strike out that part of the answer, because it was a plea to the merits, contrary to the special appearance statute; and later, upon the overruling of that motion, demanded a jury, because defendant had pleaded to the merits. Doubtless, if this sentence, appearing in the plea with other matter, should be considered as a plea to the merits, it would amount to a general appearance. We think the pleading ought not to be construed as a plea to the merits. There are several reasons for so holding: among them, that defendant announced, and its pleading shows on its face, that it was a special appearance; the trial court so construed it, and refused to pass upon the merits of the case. One place where the sentence referred to occurs, is where defendant is alleging that it is a Montana corporation, and not an Iowa corporation,—for the purpose, doubtless, of showing that it was a foreign corporation. As before shown, service was had upon three parties, as the supposed agents of defendant; and we have no doubt that defendant's theory was that it was not transacting any business within the state, and therefore it could have no agents transacting its business within the state, upon whom service could be had. In fact, one of defendant's claims is, and numerous cases from other

3. APPEARANCE: what constitutes general appearance.

jurisdictions are cited to the proposition, that, whatever had theretofore been done by any of the parties supposed to have been agents, they were only soliciting agents, and that this was not doing business within the state, and that foreign corporations selling goods on orders received from another state are not doing business in the state. It may be that the expression in the answer is unfortunate, and it may be that the court might properly have stricken out the sentence referred to. But, taking the pleading all together, it is quite clear to us that it did not amount to a plea to the merits.

3. As to whether the three persons named, upon whom service was had, were agents of the company, the evidence is very voluminous, and we shall not attempt to set it out in detail. It is enough to say that the af-

4. PROCESS : discharged agent.

fidavits of plaintiff gave circumstances and instances tending to show that these parties, or some of them, were at one time transacting business for the defendant in the state. But this is denied by the testimony on behalf of the defendant; and they deny that the parties, or any of them, had any authority to so act for it, even though they assumed to do so. As to some of them, there was evidence that there was a contract at one time, but that, later, and before the commencement of this suit or the service of notice, it had been cancelled. We are satisfied with the finding of the trial court; and, though the case was heard on affidavits, we think some weight should be given to the finding of the trial court.

4. It is strenuously urged by appellee that whatever the relations between it and the three persons named had theretofore been, at the time of the service and acceptance of notice, such relations had been terminated. It was stipulated on the hearing:

"That Dalbey removed from Cedar Rapids, Iowa, to Montana, about July, 1912, and has not been in Cedar

Rapids, Linn County, Iowa, since that time, and that, at the
time of the acceptance of service of the original notice in
this case by him, he was a resident of Montana, and had
been since about July, 1912, and that said acceptance was
made in Montana."

As to Snouffer, it appears that, early in 1912, an ar-
rangement had been made by one Huntington with Snouf-
fer,—Snouffer being the editor of a newspaper in Cedar
Rapids,—to run a "display ad" in his paper, with reference
to the lands of defendant company, and that his compensa-
tion was to be a certain amount per acre on lands sold, out
of commissions which would be due from the company to
its soliciting agents, on account of sales made in Linn
County; that this arrangement with Snouffer was to run a
year, subject to termination at any time on 60 days' no-
tice. Plaintiff claims that the contract of Huntington was
such that he had authority to employ the subagent, Snouf-
fer. But defendant denies that Huntington had any such
authority, and says that it knew nothing about the matter
for a long time afterwards, and that the arrangement with
Snouffer had long expired, and no further arrangement had
ever been made.

The evidence of defendant shows, as to Laughlin, that
he was not authorized to do the things which plaintiff says
he did do, and which tended to show that he was the agent
for defendant. It is shown, too, that his relations with
the company had been terminated prior to the service of
notice. Indeed, as we understand appellant's argument,
this fact is not seriously disputed, for it is claimed that, as
to Laughlin, the evidence shows that the matters of his agen-
cy were unadjusted and not fully closed, when service was
made on him: that is, because there was some claim that
there was money due Laughlin from the defendant com-
pany,—which the defendant denies. Its evidence, we think,
sustains the defendant's claim. Plaintiff further claims that,

as to Laughlin and the others, these parties were such as
that notice could be served upon them, because they were
the agents who transacted the business out of which the
liability grew.   We assume that counsel refer to Section
3500 of the Code in this connection, though they do not cite
it.   However, the cases they do cite refer to this section of
the Code.   Other cases are *Ockerson v. Burnham & Co.*, 63
Iowa 570; *Bradshaw v. Des Moines Ins. Co.*, 154 Iowa 101,
109; and other cases.   The *Ockerson* case did not involve
service on a foreign corporation at all, but simply deter-
mined the venue of a suit between residents of the state of
Iowa; and the *Bradshaw* case grew out of an insurance con-
tract, and it is held that Sections 3530 and 3532 authorize
service on agents of insurance companies.   The case of *Mur-
phy v. Albany Pecan Dev. Co.*, 169 Iowa 542, is distinguish-
able in its facts from the instant case in several particulars:
among them, that, in that case, inquiry was made of the
defendant itself whether the person served was the agent,
and the reply was that he was agent.   It is denied in the
instant case that any of the parties were agents for the de-
fendant at any time.   It is doubtful whether there was any
business transacted by the parties served, out of which the
alleged liability herein grows.   The evidence of the defend-
ant shows, and the court was justified in finding, that the
defendant had no office or agency in the places where the
three persons were served.   It is our conclusion that, under
the circumstances of this case, the relations between the
three parties served and the defendant having been termin-
ated prior to the service of notice, the service thereof was
rendered ineffectual; and that the court rightly held that it
did not acquire jurisdiction of the person of the defendant.

5.   Plaintiff asked that the persons making affidavits
for defendant should be required to appear for cross-ex-
amination.   The trial court refused to make such an order,

and this is assigned as error. The defend-
ant resisted such application on numerous
grounds: among them, that the affiants are
not within the jurisdiction of the court, and
that the defendant is unable to produce them for cross-ex-
amination, legally or otherwise; that some of them live in
one state and some in others. This may not be so as to all
the parties, but the evidence is very fully set out in the af-
fidavits. To stop the hearing and attempt to get the par-
ties from other states would delay the trial, and possibly re-
sult in not obtaining the presence of affiants. The statutes,
Code Sections 3833 and 4678, provide that the parties may
be required by the court to appear for cross-examination,
etc. We think it is a matter of discretion with the trial
court as to whether it will make an order compelling the ap-
pearance of affiants for cross-examination, and that, in this
case, the discretion was not abused.

*5. AFFIDAVITS: cross-examination.*

6. The plaintiff filed a petition for the production of
books and papers, which was denied by the court. The de-
fendant resisted such application, on the following grounds,
among others:

That the court has no jurisdiction over
the defendant, nor power to grant such an
order, there being on file and undetermined
a plea to the jurisdiction and motion to quash service of no-
tice; that it is not shown that any of the information sought
is material to any of the issues in the controversy; and that
the issues on the main case are not made up, no answer on
file, and none due; that the application is for a dragnet or-
der; that the application does not specify what books, pa-
pers, and documents are sought to be produced, and is
vague, uncertain, and indefinite; that the books and papers
of the company are in Montana, and are in constant use,
and are required by the company in the conduct of its busi-
ness; that the purpose of said application is other than to

*6. EVIDENCE: compelling production.*

procure evidence in the cause; and that the suit is not brought in good faith, but for the purpose of harassing the defendant, or intimidating and coercing it into an adjustment of the alleged claims of Laughlin. We shall not set out the petition in full, nor discuss all these grounds, but content ourselves with stating that some of the objections are good. At any rate, we held in *Iowa Loan & Trust Co. v. District Court*, 149 Iowa 66, and *Dalton v. Calhoun County Dist. Ct.*, 164 Iowa 187, that it is a matter of discretion in the trial court.

We have examined the record with care; and, while there may be some other incidental matters discussed, it is our conclusion, upon the whole record, that the ruling of the trial court was right, and its judgment is, therefore,— *Affirmed.*

WEAVER, GAYNOR, and STEVENS, JJ., concur.