RELIANCE MOTOR COMPANY, Appellant, v. JOHN E. CRAIG, Judge, et al., Appellees.

OCTOBER 16, 1928.

*J. O. Boyd* and *Bertha L. Pflug*, for appellant.

*E. C. Weber* and *J. W. Napier*, for appellees

MORLING, J.—The single question presented is whether jurisdiction of the Reliance Motor Company was acquired by service on Cox. The undisputed facts are that the Reliance Motor Company is a corporation organized under the laws of the state of Illinois. Prior to June, 1927, it had a branch at Keokuk. C. C. Cox was its manager at Keokuk. He was not

an officer, "not a stockholder, and had no financial interest in it." "He was simply an employee." In June, 1927, the Keokuk Auto Sales Company was organized as a corporation. Metzger, the majority stockholder of the Reliance Motor Company, became a stockholder in the Keokuk Auto Sales Company. Each corporation had other stockholders. Cox "ceased as an employee of the Reliance Motor Company, and took charge of the business of the Keokuk Sales Company." The Reliance Motor Company was not dissolved. It continued to do business in Illinois, and took to its Peoria, Illinois, office, and handled there, all the business that it had previously done in Iowa. It furnished cars to the Keokuk Auto Sales Company, but the Keokuk company "is not handling or transacting any of the business of the Reliance Motor Company in Keokuk or in Iowa." The Reliance Motor Company has had no agents in Iowa since the organization of the Keokuk Company. The record is:

"The Reliance Motor Company, on said December 21, 1927, and at no time since said date, was engaged in any business in the state of Iowa, nor has it at any time been authorized to transact business in the state of Iowa as a foreign corporation, and it has never authorized the said C. C. Cox to accept service for and on behalf of the Reliance Motor Company, nor has it agreed with the plaintiff in said cause that the plaintiff might serve C. C. Cox or any other person with original notice."

From the time of the organization of the Keokuk Auto Sales Company, Cox "ceased to be an employee of the Reliance Motor Company, and became manager of the Keokuk Auto Sales Company." The evidence is that, on December 21, 1927, Cox "had no connection then, directly or indirectly, with the Reliance Motor Company," "was not representing the Reliance Motor Company in any way, shape or form. He was not its agent, director, stockholder, employee, or trustee; or other officer."

The application for the writ of certiorari states that J. L. Deck, on January 5, 1928, "filed a petition at law, claiming damages of the Reliance Motor Company in the sum of $5,000, predicating the liability of the Reliance Motor Company upon an allegation that it was the owner of an automobile being driven by Gean Swearingen in a reckless and negligent manner, and

colliding with an automobile in which J. L. Deck was riding, and causing him to sustain injuries for which he claimed damages in the sum of $5,000;" that, by amendment, plaintiff (Deck) "averred that the defendant had failed to designate a process agent in Iowa, and ceased and discontinued its business in Iowa in June, 1927, but averred that the cause of action pleaded arose before the defendant discontinued its business in Iowa." The return to the writ certifies that the judge tried the case of the Tigue Sales Company, plaintiff, versus the Reliance Motor Company, defendant, in the Lee district court, "wherein the cause of action was based upon the same set of facts as the cause of action in the present case * * *." The return of service of the original notice in that case is set out in the return here, showing service March 29, 1927, on Cox. The return here further sets out "that no objections were made to the return of said [last referred to] notice, and said Reliance Motor Company brought and defendant [defended] in said cause of action, and the court took judicial notice of said fact and the return of said original notice in determining the present cause." There is a statement in the evidence:

"As part of the business of the Reliance Motor Company there was a transaction of the sale of a car to Gean Swearingen."

That the Reliance Motor Company ceased doing business in Iowa in June, 1927; that thereafter Cox was no longer in its employ; particularly that the company was not doing business in Iowa in December 21, 1927, the date of the service of the original notice in controversy; and that Cox was then not an officer or in the employ of the Reliance Motor Company, is not contradicted. With respect to the reference to the Tigue case, if that case may be considered at all, it is sufficient to say that the notice there was served March 29, 1927, while the Reliance Motor Company was still doing business in Iowa, and while Cox was its agent.

The respondents refer to Section 8432, Code of 1927, providing that all foreign corporations, their officers and agents, "doing business in this state shall be subject to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this state * * *." There is, however, no law of the state which

would give jurisdiction of a domestic corporation on service such as that involved here.

: It seems to be assumed that the Reliance Motor Company engaged in business in this state without complying with the provisions of Chapter 386, Code of 1927. Section 8421 of that chapter requires the application by a foreign corporation for a permit to do business in the state to set forth a certified copy of the resolution of the board of directors giving name and address in Iowa of a resident agent on whom service of original notice of civil suit in the courts of this state may be made; failing which, or in event that such agent may not be found within the state, service may then be made upon such corporation through the secretary of state. In the case before us, if the Reliance Motor Company did designate such agent, service was not made upon him. If it did not so designate, service was not made on the secretary of state. In either event, service was not made on process agent, as authorized by that chapter. Respondents rely on the phrase "on any of the last known or acting officers of such corporation," found in Section 11077, Code of 1927, reading:

"When the action is against any other corporation, service may be made on any trustee or officer thereof, or on any agent employed in the general management of its business, or on any of the last known or acting officers of such corporation."

The section seems to have reference to moribund, dormant, or dissolved corporations. See *Wisconsin & Ark. Lbr. Co. v. Cable*, 159 Iowa 81. But whether or not it has more extensive application, this case is not within its provisions, because Cox, on the undisputed evidence, was never an officer or acting officer of the Reliance Motor Company, and the method of service in an action against a foreign corporation is provided in another section, namely, Section 11072:

"If the action is * * * against any foreign corporation, service may be made upon any general agent * * * or upon any station, ticket, or other agent, or person transacting the business thereof or selling tickets therefor in the county where the action is brought. If there is no such agent in said county, then ser-

vice may be had upon any such agent or person transacting said business in any other county.''

The language is of the present tense; the agents referred to are those engaged as such at the time service is made. This, we think, must be, on fundamental principles, its meaning. This section and the remaining discussion of the case have reference to agents or officers of the corporation who are such in the transaction of its business, and not to agents or representatives appointed under the requirements of Section 8421, or designated by the law in the absence of such appointment,—process agents. Statutory or process agency, whether by express appointment or as the legal consequence of not making appointment, or of not complying with the law, is, as we have seen, not involved.

It is fundamental that, in order to obtain jurisdiction of an individual or corporation for the purpose of a judgment *in personam*, such person or corporation must be within the territorial jurisdiction of the court. *Pennoyer v. Neff*, 95 U. S. 714 (24 L. Ed. 565) ; *Gouner v. Missouri Valley Bridge & Iron Co.*, 123 La. 964 (49 So. 657) ; *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79 (62 L. Ed. 587) ; *Hunter v. Mutual Reserve Life Ins. Co.*, 218 U. S. 573 (54 L. Ed. 1155) ; 14a Corpus Juris 1406.

If the corporation is not doing business in the state, and has no officer or agent in the state authorized to do business for it there, it is *ex vi termini* not within the state for jurisdictional purposes, and service upon it in the state cannot be made. It is essential to the rendition of a personal judgment that the foreign corporation be ''doing business'' within the state. *International Harv. Co. v. Commonwealth of Kentucky*, 234 U. S. 579, 583. (We are not speaking of the case of service within the state on an officer temporarily there. See 14a Corpus Juris 1416.) A corporation once engaged in business in a state foreign to that of its incorporation is not compelled to remain there. It may withdraw in good faith, and it may in good faith revoke the authority of its agents, and (we repeat, not here speaking of process or statutory agencies,) will, on such withdrawal and revocation, be no longer subject to the jurisdiction of the courts of that state. *Hunter v. Mutual Reserve Life Ins. Co.*, 218 U. S. 573 (54 L. Ed. 1155). To render a foreign corporation responsible to process in an action *in personam*, in the absence of

consent, it must be present within the state, and the service must be within the state upon an authorized agent. *Jones v. Illinois Cent. R. Co.*, 188 Iowa 850; *State v. Bitter Root Valley Irr. Co.*, 185 Iowa 60, 71; *Philadelphia & R. R. Co. v. McKibbin*, 243 U. S. 264; *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79 (62 L. Ed. 587). If the agency of the person served has been terminated in good faith before service is made, the service is ineffectual, and jurisdiction is not acquired. *State v. Bitter Root Valley Lbr. Co.*, 185 Iowa 60, 71; *Gouner v. Missouri Valley Bridge & Iron Co.*, 123 La. 964 (49 So. 657.); *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79 (62 L. Ed. 587); *Hunter v. Mutual Reserve Life Ins. Co.*, 218 U. S. 573 (54 L. Ed. 1155); 14a Corpus Juris 1415.

That the withdrawal of the Reliance Motor Company from the state, and the discharge of Cox and the termination of his employment, were absolute and unqualified, is the necessary conclusion from the record here. It may be that, before the withdrawal, the company had incurred, in the prosecution of its business here, a liability to Deck; but if such is the fact, the company was not thereby compelled to remain in the state, and its agents did not thereby retain their authority, in the face of an absolute discharge. If service had been made upon the secretary of state or a "process agent" (the cause of action having originated in the state and in favor of a citizen of the state), we would have a different question, upon which we intimate no opinion. *McClamroch v. Southern Sur. Co.*, 193 Iowa 249; involved service upon the "process agent" of the corporation, and is not in point. In *Pugh v. Bothne Co.*, 178 Iowa 601, the contract of agency was in force at the time of service.—*Writ sustained and order reversed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.